COURT OF APPEALS FOR THE
FIRST DISTRICT OF TEXAS AT HOUSTON



ORDER

Appellate case name:      Dale Patrick Koehne v. Kaleigh Michelle Koehne

Appellate case number:    01-17-00016-CV

Trial court case number:  2016L-6515

Trial court:              County Court at Law of Austin County

Dale Patrick Koehne appeals from the three trial court orders sustaining a contest or denying his request for indigence. Koehne filed his first statement of inability to afford payment of court costs on December 28, 2016. The court reporter filed a contest to the affidavit. The trial court held a hearing on January 17, 2017, and signed an order the same day denying the affidavit of indigence. Koehne filed a notice of appeal from that order on January 27, 2017.

The trial court apparently held another hearing on January 23, 2017, but we have no reporter's record for that hearing. An amended order was signed on January 23, 2017, stating that, because Koehne was already in possession of the transcript of the August 26, 2016 hearing, the contest should have been denied. Nonetheless, the trial court added that the affidavit of indigence was denied. Koehne filed a notice of appeal from this January 23, 2017 amended order on February 1, 2017

Koehne filed another affidavit of indigence on January 19, 2017 in this court, requesting a transcript from a hearing held December 16, 2016. The court reporter filed a contest on January 20, 2017, and the trial court set a hearing for January 25, but extended that date by order until February 6, 2017. The reporter's record from this hearing has been filed, but the order has not been included in a supplemental clerk's record.

A party who files a Statement of Inability in the trial court will not have to pay costs except by order of the court. TEX. R. CIV. P. 145(a) (amended; effective September 1, 2016). The court may order a party to pay costs on the motion of the court reporter to require the party to prove his inability to afford costs. TEX. R. CIV. P. 145(f)(3). After proper notice, the trial court must hold a hearing in which the burden is on the party asserting indigence. TEX. R. CIV. P. 145(f)(5). The trial court's order requiring the party to pay costs must be supported by detailed findings. TEX. R. CIV. P. 145(f)(6). The party may challenge the trial court's ruling by filing a motion in the appellate court within 10 days of the signing of the trial court's order. TEX. R. CIV. P. 145(g)(1)-(2). After the party files a motion challenging the trial court's ruling, the appellate court must promptly order the filing of a supplemental clerk's record with all documents and a

reporter's record of the hearings. TEX. R. CIV. P. 145(g)(3). These records must be filed at no cost to Koehne. *See id.*

The trial court has not included detailed findings in its orders as required by Rule 145(f)(6). Accordingly, we abate the appeal and remand this cause to the trial court for preparation of detailed findings supporting his finding that Koehne can afford to pay costs. Once the trial court has completed preparation of these findings, the trial court clerk shall file a supplemental clerk's record **within 30 days of the date of this order** containing the trial court's order with detailed findings concerning Koehne's ability to afford costs.

The appeal is abated, treated as a closed case, and removed from this court's active docket. The appeal will be reinstated on this court's active docket when the supplemental clerk's and reporter's records are filed in this court. The court will also consider an appropriate motion to reinstate the appeal filed by either party, or the court may reinstate the appeal on its own motion.

It is so ORDERED.


Judge's signature:/s/ Harvey Brown

☒ Acting individually ☐ Acting for the Court


Date: March 7, 2017